UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| RUTHANN WIKE,<br><br>                    Plaintiff,<br><br>v.<br><br>ASSET ACCEPTANCE LLC,<br><br>                    Defendant. | CASE NO.   3:13-CV-42 |

## COMPLAINT

### I.        INTRODUCTION

1.  This is an action for statutory and actual damages, costs of the action and a
    reasonable attorney's fee brought by Ruthann Wike for violation of the Fair Debt
    Collection Practices Act, 15 U.S.C. § 1692 et seq., by Defendant.

### II.        JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331
    and 1337.

### III.        PLAINTIFF

3.  Plaintiff Ruthann Wike is a natural person residing in Grandview, Indiana.

### IV.        DEFENDANT

4.  Defendant Asset Acceptance LLC (hereinafter "Asset Acceptance"), is a foreign
    limited liability company with its principal place of business in Warren,
    Michigan.

5.  At all times referenced herein, Asset Acceptance was operating as a debt collector
    as defined by 15 U.S.C. § 1692a(6).

### V.        STATEMENT OF FACTS

6.  On or about February 13, 2009, Asset Acceptance purchased from Chase Bank
    USA, N.A. a consumer debt allegedly owed by Plaintiff in the amount of
    $11,305.80.

7. Asset Acceptance filed a lawsuit against Plaintiff on September 1, 2009 in the Spencer County Circuit Court, captioned *Asset Acceptance LLC v. Ruthann Wike,* Cause No. 74C01-0909-CC-0456 (hereinafter "state court lawsuit"), attempting to collect this alleged debt.

8. In discovery responses in the state court lawsuit, Asset Acceptance stated on or about August 23, 2012 that Plaintiff owed a principal balance of $11,305.80 and interest of $3,395.46 calculated at 18%.

9. In discovery responses in the state court lawsuit, Asset Acceptance stated on or about August 23, 2012 that Plaintiff owed interest on the alleged debt of 18%.

10. The agreement creating the debt between Plaintiff and Chase Bank USA, N.A. does not provide for interest at a rate of 18%.

## VI.    CLAIMS FOR RELIEF

### A.  Fair Debt Collection Practices Act

11. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through ten above.

12. Defendant violated the Fair Debt Collection Practices Act.  These violations include, but are not limited to:

   a.  The use of a false, deceptive, or misleading representation in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

   b.  Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f.

13. As a result of these violations of the Fair Debt Collection Practices Act, Defendant is liable to Plaintiff for his actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant in an amount that will compensate him for his actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

2

Respectfully submitted,


s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
380 Mount Zion Road, Suite C
Lebanon, IN 46052
800-817-0461
robert@robertdufflaw.com